# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **IN RE**: | ) | **CHAPTER 7** |
| | ) | |
| **NICHOLAS S. CARR** | ) | **CASE NO. 05-73657** |
| | ) | |
| **DEBTOR** | ) | |

## **MEMORANDUM DECISION**

The matter before the Court is the Chapter 7 Trustee's Application for Compensation and reimbursement of expenses filed by Mr. George I. Vogel. This matter was heard on November 6, 2006, at which time it was taken under advisement. For the reasons stated below, the Court will grant the Trustee's Application in the amounts set forth in this decision, but will disallow the additional compensation sought by him therein.

### FINDINGS OF FACT

This Chapter 7 case was filed on September 18, 2005; therefore this case is controlled by the law in effect prior to the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). The Trustee filed his Application for Compensation on October 3, 2006 seeking compensation in the amount of $3,189.99 and reimbursement of expenses in the amount of $114.66 for the time period October 20, 2005 through September 25, 2006.[1] No objection was filed by the United States Trustee or any party in interest to the Trustee's Application. The total amount received by the Trustee during the

---

[1] In response to the Court's inquiry, the Trustee indicated that his application was served on Mr. Cawthorne, counsel for Lewis Gale Hospital, a judgment lien creditor.

-1-

administration of the bankruptcy estate is indicated to be $28,549.93. The Trustee states that the amount on which the commission was calculated is $24,399.93, which is the above amount less the homestead exemptions paid to the Debtor ($4,150.00). The time records which Mr. Vogel has filed with his Application represent that he expects to spend in all 8.20 hours of time in fulfilling his duties as Trustee, plus an additional 1.10 hours for a legal assistant, Ms. Brown.[2] The Trustee has also provided an itemized statement of out-of-pocket expenses in the amount of $114.66.

On January 25, 2006, an Order was entered granting the Trustee's Application to employ Vogel & Cromwell, L.L.C. as counsel for the Trustee at the hourly rate of $195.00 for Mr. Vogel, $185.00 for Mr. Cromwell and $45.00 for paraprofessionals. On October 3, 2006, the Trustee also filed an Application for Compensation of Counsel for the Trustee. This application was granted on November 6, 2006. The Trustee's law firm has been compensated for its services as counsel to the Trustee in the amount of $1,118.50 for 5.90 hours, 2.70 hours of which were performed by the Trustee personally at a rate of $195.00 per hour.

On January 25, 2006, an Order was entered granting the Trustee's Application to employ Carol Ellis of Stover Davis Realty as realtor for the Trustee at an estimated 6% sales commission. A Motion for Authority to Sell Estate's Interest in Secured Property was filed by counsel for the Trustee on January 31, 2006. After a hearing on the matter, an Order, endorsed by counsel for Lewis Gale Hospital, granting this motion, was entered on February 28, 2006. The Order provides that the real estate is encumbered by unpaid real estate taxes of

---

[2] If the Court were simply to award compensation to Mr. Vogel equal to $195.00 per hour times 8.20 hours of recorded time entries, the resulting total would be $1,599.00, plus an additional $49.50 for the legal assistant's time of 1.10 hours, or a total sum of $1,648.50.

approximately $700, a judgment lien of Anesthesia Associates of Roanoke of $937.16 and a judgment lien in favor of Lewis Gale Hospital in the amount of $48,645.41. After payment of unpaid real estate taxes, seller's tax on deed, other usual closing costs, realtor's commission, balance due on Anesthesia Associates' judgment lien, homestead exemption due the Debtor, administrative costs of bankruptcy estate and 10% of the net proceeds of sale for distribution to unsecured creditors, the Order provides that the Trustee shall remit the remaining balance from the sale of the real property to Lewis Gale Hospital. The Trustee filed his Report of Sale on September 25, 2006 stating the property was sold on March 15, 2006 for $31,000.[3] Of the sales price, $1,860 was allocated to the realtor, $937.16 to Anesthesiology Consultants, $16,693.34 to Lewis Gale Hospital, $31.00 for Grantor's tax; $491.49 in delinquent taxes, $170.63 for city taxes and a homestead exemption of $4,150.00, leaving net proceeds to the estate of $6,666.38. This Court awarded compensation for the Trustee's law firm in the amount of $1,118.50. According to the application for compensation, the services rendered by counsel resulted in the recovery of $31,000 from the sale of the Debtors' real estate, with anticipated dividends to unsecured creditors of 6.610871% of their aggregate claims, a total sum of $2,346.28.

At the hearing on November 6, 2006, the Court inquired of the Trustee whether there was an agreement between the Trustee and the secured creditor, Lewis Gale Hospital, which will receive the balance of the funds from the sale of the real estate. The Trustee responded by letter dated November 8, 2006 to this Court stating that the estimated amount to be

---

[3] The Trustee reports that the property was sold for $31,000, but indicates that the total amount received by him during the administration of this estate is $28,549.93. According to the Trustee's Report of Sale, the amount of the check received at closing was $28,446.88. Adding $103.05 in earned interest to this figure equals $28,549.93, the amount reported to be received by the Trustee.

-3-

paid to Lewis Gale on its judgment at the time of a February 22, 2006 letter from the Trustee to counsel for Lewis Gale was $17,257.47.  The Trustee further states that if the Court approves his commission and expenses as submitted, Lewis Gale will receive $16,693.34 on its judgment lien, $564.13 less than the previous estimate.  The Trustee asserts that this difference is caused by the Debtor properly amending his homestead deed and Schedule C to increase his exemption under the Virginia Code and because the Trustee's commission, expenses and the fee of the attorney for the Trustee were slightly more than estimated in February.

The Court finds that the expenses incurred were actual and necessary expenses of administration of the estate.  Based on the evidence before the Court and on the basis of the reasoning set forth later in this decision, the Court finds that the requested compensation, $3,189.99, is excessive.

The Court finds that the fiduciary services rendered by the Trustee in this case were appropriate for the estate's needs and were timely rendered.  The result was that the unsecured creditors will receive approximately 10% of the net proceeds (after the sale expenses, the allowed homestead exemption, city/town taxes, delinquent taxes, and Anesthesiology Consultants' judgment) of a parcel of real estate which they otherwise would not have received in light of the fact that the property was subject to judgment liens exceeding its value.  On the other side of the ledger, the work required was not complicated and the result obtained, while beneficial, cannot be reasonably termed extraordinary in nature or effect.  The buyer of the property was obtained by a real estate agent, not the Trustee, and the real value of the Trustee's services consisted in the negotiation of an agreement with the principal lien creditor to provide the necessary legal services to effect a sale of the property so that such creditor could be partially paid at the cost of absorbing out of the non-exempt equity of the property subject to its judgment

lien the cost of the real estate agent, the administrative expenses of the bankruptcy estate, and a 10% "fee" or "carve-out" paid to the judgment debtor's bankruptcy estate. The Court further finds that the reasonable value of the fiduciary services provided in this case by the Trustee, including the time of his paralegal, is 125% of the "time value" of the services rendered by the Trustee and his staff at their standard professional billing rates, or a total of $2,060.[4] *See In re Garry Carroll Trucking Inc.*, No. 00-03935 (Bankr. W.D. Va., June 3, 2004).

### CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. The present dispute is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A). *See Harman v. Levin (In re Robertson)*, 772 F.2d 1150, 1153 at fn. 3 (4th Cir. 1985).

This Court has the authority to award "reasonable compensation for actual, necessary services" rendered by a bankruptcy trustee and "reimbursement for actual, necessary expenses" under section 330 of the Bankruptcy Code. In determining what is "reasonable compensation" the Court is instructed as follows:

> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the

---

[4] The Court notes that application of the traditional rate of 5% of the value of the estate administered by an executor or administrator of a probate estate in the Commonwealth of Virginia would result in compensation of $1,550 (5% of $31,000).

-5-

> administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
> (4) (A) Except as provided in subparagraph (B), the court shall not allow compensation for –
> (i) unnecessary duplication of services; or
> (ii) services that were not –
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.
>
> (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(3) and (4). Payment of compensation to Chapter 7 Trustees, however, is subject to a ceiling prescribed by section 326(a) of the Bankruptcy Code as a maximum percentage of the property distributed by the Trustee as follows:

> (a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a). Accordingly, the Court is obliged to determine first what is reasonable

-6-

compensation and then make sure that such compensation does not exceed the maximum permitted level authorized by section 326. *In re Miniscribe Corporation,* 309 F.3d 1234, 1241 (10th Cir. 2002); *In re Computer Learning Services, Inc.*, 285 B.R. 191, 229-30 (Bankr. E.D. Va. 2002); *In re JKJ Chevrolet, Inc.,* 2000 Bankr. LEXIS 614, *3 (Bankr. E.D. Va. 2000); 3 Collier on Bankruptcy § 326.02 [1] at p. 326-4 (15th ed. rev). As Judge Mayer noted in the *Computer Learning Services* opinion, *supra*, the compensation payable to a Chapter 7 trustee "is not a commission based on distributions and the maximum fee permitted is not the presumptive fee for the trustee." 285 B.R. at 229-30.

Compensation awarded to trustees and other professionals pursuant to 11 U.S.C. § 330(a) is of course an administrative expense of the bankruptcy estate. One who seeks an allowance of an administrative expense in bankruptcy has the burden of proving his or her entitlement to same. *In re Merry-Go-Round Enterprises*, *Inc.*, 180 F.3d 149, 157 (4th Cir. 1999); *In re Narragansett Clothing Co.*, 210 B.R. 493, 498 (1st Cir. BAP 1997) ("The Trustee bore the burden of proving that his . . . [requested] fee was reasonable."). The fiduciary duties of the trustee must be compensated as such and the trustee's counsel may not be compensated for services statutorily required of the trustee. *In re J. W. Knapp Company*, 930 F.2d 386, 388 (4th Cir. 1991).

The Application before the Court concerns the Trustee's fiduciary rather than legal services. Accordingly, the Court concludes that it is appropriate to look for guidance primarily in the words of section 330 and those court decisions which have addressed specifically the allowance of compensation to bankruptcy trustees. For example, the case of *Harman v. Levin, supra*, a Fourth Circuit Court of Appeals opinion, dealt with compensation awarded to debtor's counsel in a Chapter 13 case, not compensation to the Trustee. The Court is

not aware of any decision of such Court dealing specifically with the subject of determining reasonable compensation to bankruptcy trustees. This subject was addressed at some length, however, by Judge Mayer of the Bankruptcy Court for the Eastern District of Virginia in the *Computer Learning Centers* case, *supra*. That case, as the one before this Court, deals with compensation to a Chapter 7 Trustee who is an attorney. The Court held that in such circumstances, the "trustee's hourly rate should generally be the same as his attorney hourly rate provided that it does not exceed the prevailing market rate." 285 B.R. at 230. Furthermore, such hourly rate should not be adjusted upward due to the size of the case, *id*., and that although the complexity of a case might justify an adjustment to the compensation derived from the use of the hourly rate alone, no adjustment was called for in that particular case because the complexity was reflected in the amount of time spent on the case. 285 B.R. at 231. Judge Moon of the District Court for the Western District of Virginia has issued an opinion dealing with a Chapter 7 Trustee's appeal of compensation awarded to him by the Bankruptcy Court. That opinion dealt with three separate cases where Judge Anderson of this Court reduced the fee applications of Mr. Scott, the Chapter 7 Trustee, from the requested amounts permissible under 11 U.S.C. § 326(a) to the exact compensation derived by applying the Trustee's normal hourly rate for legal services to the amount of time expended by him as Trustee in such cases. Although Judge Moon held that the Bankruptcy Court could adjust a trustee's compensation "upward or downward" when utilizing a lodestar approach, such Court was well within its "broad discretion" in determining trustee compensation when it declined to make any such adjustment in the applications before it. *In re Bankruptcy Appeal of W. Stephen Scott*, Docket No. 6:03CV00036 (W.D. Va., March 26, 2004).

-8-

Congress has instructed this Court to consider "all relevant factors" in determining what is "reasonable compensation". 11 U.S.C. § 330(a)(3)(A). The Court believes that the quality of the result obtained as a consequence of the services rendered is one of those factors which ought to be considered, especially because the Court is required to consider the "value of such services". *Id.* The 10th Circuit Court of Appeals in its opinion in the *Miniscribe Corporation* case, *supra*, held that the result obtained is an important factor to be considered in determining reasonable trustee compensation, suggesting that "this factor is better considered as merely one of the *Johnson* [*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)] criteria for determining the multiplier, if any, to be applied to the lodestar amount, rather than the *sine qua non* of the reasonableness calculation." 309 F.3d at 1243. It must be noted, however, that the Supreme Court in determining reasonable compensation for legal services has used language which suggests caution in deciding to enhance compensation calculated by applying a reasonable hourly rate to the time expended because a very satisfactory result has been obtained:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed *in some cases of exceptional success an enhanced award may be justified*.

*Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (emphasis added). Unlike compensation authorized for professional services provided to the bankruptcy estate or debtor, as the case may be, which may be paid at the full "time value" thereof, assuming that the estate is administratively solvent to pay it, the limit applicable to Chapter 7 Trustees under section 326 will mean that in some, perhaps indeed in many, cases the "time value" of, or charge for, the Trustee's time may not be obtained because it exceeds the statutory cap imposed by section 326. Furthermore, in a case where the result obtained by the Trustee's efforts has been adversely

-9-

affected by the Trustee's negligence or nonfeasance, the Court would certainly have no hesitation in reducing the amount of the Trustee's charged time, even if it were less than the section 326 cap, if necessary to assure that the results of poor performance were visited upon the Trustee rather than the general creditors. *See In re Kitchen Lady, Inc*., 144 B.R. 544, 548-49 (Bankr. M.D. Fla. 1992).

No objection was filed by the United States Trustee or any party in interest to the Trustee's Application. As a practical matter, at least in the context of this case and the amount at issue here, this translates into the implied consent of the United States Trustee. On purely economic terms it is rarely the case that an individual creditor can justify the expense of even investigating whether any particular fee application of any individual or entity providing services to a bankruptcy estate is reasonable or unreasonable, much less thereafter actually filing and prosecuting an objection to such fee application. Perhaps it is not too idealistic to suggest that those whose interests are affected by the operation of the bankruptcy court system assume that as a general proposition the decisions made by bankruptcy courts are in accord with the language and purposes of the Bankruptcy Code. One of the provisions of the Code is section 330 which provides that the Court "may award . . . reasonable compensation" for services rendered for the benefit of the bankruptcy estate, which compensation may be less than the amount sought by the person who has provided them. 11 U.S.C. § 330(a)(2). Even in the absence of an objection by a party in interest to a particular motion, this Court has been reminded that it has "an independent duty" to decide questions before it in conformity with the applicable statutory authority provided by Congress. *United States v. Easley*, 216 B.R. 543, 544 fn. 1 (W.D. Va. 1997) (bankruptcy court has responsibility to ascertain that proposed Chapter 13 plan is in conformity with statutory confirmation requirements.) While it is no doubt a very important part of the responsibility of

-10-

the United States Trustee to review fee applications to be paid from the bankruptcy estates and when appropriate to object to them, Congress did not establish a system in which bankruptcy trustees' compensation would be determined by the United States Trustee, subject only to a right of appeal to the Court. On the contrary, it imposed this perhaps unwelcome responsibility to determine "reasonable compensation" upon the bankruptcy court[5], subject of course to a right of appeal to the District Court to any party in interest affected by such determinations. In summary, it is the burden of any person seeking compensation from the bankruptcy estate to establish the appropriateness of the fact and amount of such compensation, not the obligation of other affected parties to prove the contrary.

        The Court acknowledges that the Trustee's services are contingent in nature and he is not assured of any significant compensation for his services. In many cases he will perform services for which he will not be paid. The same unfortunate result, however, may befall any professional hired by the estate who performs services which the estate is then unable to pay. On the other hand, the Trustee, once being appointed to the panel of trustees, which after all is a position sought by the individual rather than one which he or she is compelled to accept, is provided a regular stream of cases, or "business", without having to make efforts continually to replenish an existing "stable" of clients. Thereby the Trustee has the frequent opportunity, if an attorney, to obtain the employment of himself or herself to render professional services to the estate at rates acceptable to such attorney, subject to the approval of the Court.

        The argument that a Chapter 7 trustee should benefit from cases where he may

---

[5] *See In re A. H. Robins Co., Inc.,* 182 B.R. 128 (Bankr. E.D. Va. 1995) *aff'd*, 86 F.3d 364 (4th Cir. 1996), *cert. denied*, 519 U. S. 993 (1996); *In re Clark*, 223 F.3d 859 (8th Cir. 2000); *In re Great Sweats, Inc.*, 113 B.R. 240 (Bankr. E.D. Va. 1990); *In re Saunders*, 130 B.R. 208, 212 (Bankr. W.D. Va. 1991).

receive more than his time valued at legal billing rates, just as he suffers from those many cases where his compensation is much less, has a certain appeal.  On closer examination, however, this contention is not as strong as it initially appears.  First, the professional's hourly rates are presumably set at a level which recognizes that he most likely will not be compensated for everything he actually does.  Second, any professional person who provides services to the estate faces the prospect that it may be unable to pay for such services in full, or in some cases, even at all, nevertheless, no suggestion is made that the bankruptcy estates which can afford to pay the professional an excess fee should do so in order to make up for those where the professional suffers a loss.  Third, the opportunity to serve as a Chapter 7 Trustee, or as counsel to a Chapter 7 Trustee, or both, offers a capable bankruptcy attorney a nearly unique opportunity to demonstrate his or her abilities, to work with creditors, to increase his or her professional reputation, and to make invaluable contacts likely to generate future legal business.  Fourth, but actually of primary importance, it is this Court's responsibility to award compensation pursuant to the statutory scheme enacted by Congress, not devise another one which might seem more appropriate to the Court.  Certainly Congress could have chosen to provide that Chapter 7 Trustees were to be paid on a strict commission basis, but it did not choose to do so under the law applicable to this case, preferring to establish a system where a calculated percentage or "commission" was a ceiling on compensation, not its determinant.

        To the extent that it is a mixed question of law and fact, the Court concludes that compensation of $2,060 plus his expenses of $114.66 to the Trustee will fairly and adequately compensate for the services rendered by him and his staff in this case.  The total sum awarded to the Trustee and his law firm for the fiduciary and legal services rendered in this case for compensation of $3,178.50 compares with the sum of $2,346.28 proposed to be distributed to

-13-

general creditors in this case. That comparison as well also persuades the Court that it has dealt fairly with the Trustee in its determination of the reasonable compensation due him for his services. Such determination will be set forth in an order to be entered contemporaneously herewith.

This 14th day of November, 2006.



_____
UNITED STATES BANKRUPTCY JUDGE